## MILLHISER v. HOLLEYMAN.

1. APPEAL—GROUNDS BY RESPONDENT.—On plaintiffs' appeal from an order sustaining defendant's demurrer to the complaint, on the ground that it did not allege the partnership of plaintiffs, the defendant cannot ask that the order be affirmed by this court upon other grounds of insufficiency in the complaint, not passed upon on Circuit.

2. AMENDMENT—ALLEGATION OF PARTNERSHIP.—Plaintiffs having been ordered to amend their complaint by alleging in its body the partnership of plaintiffs, they served an amended complaint which said: "The plaintiffs, A, B, C, and D, copartners in business under the name and style of A & Co., show," &c. *Held*, that the order of amendment was sufficiently complied with.

Before ALDRICH, J., Chesterfield, May, 1891.

The opinion states the case.

*Messrs. Prince & Stevenson*, for appellants.

*Mr. R. T. Caston*, contra.

November 18, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. William Hyman Gurganus died intestate, and his mother, Lucy A. Holleyman, was appointed administratrix of his estate. Before his death, the intestate had made an assignment of his property to one John T. McNair avowedly for the benefit of his creditors. The plaintiffs, claiming to be creditors of the intestate, commenced this action to set aside the said assignment for undue preference, fraud, &c. The complaint, after stating in the title the names of all the parties plaintiff, as hereinabove stated, alleged as follows, viz.: "The plaintiffs, for themselves and such other creditors, &c., show that W. H. Gurganus, at the time of his death, was indebted to them, the said M. Millhiser & Co., in the sum of," &c.

When the case was called for trial, a motion was made to dismiss the complaint, upon the alleged ground that it did not state facts sufficient to constitute a cause of action, *in that* there

was no allegation of partnership of the plaintiffs in the body of the complaint. Judge Witherspoon gave the "plaintiffs leave to amend their complaint by alleging the plaintiffs as copartners in the body of the complaint, and that the plaintiffs pay costs," &c. The cause was continued, and on July 26, 1890, the plaintiffs served "an amended complaint," which, after stating in the title the names of the plaintiffs, "M. Millhiser & Co., a partnership composed of M. Millhiser, G. Millhiser, S. Hirsh, and E. Millhiser," went on to allege as follows : "The plaintiffs, M. Millhiser, G. Millhiser, S. Hirsh, and E. Millhiser, copartners in business under the name and style of M. Millhiser & Co., for themselves and such other creditors, &c., show that W. H. Gurganus, in his lifetime and at his death, was indebted to them, the said Millhiser & Co., in the sum of," &c.

The complaint, as thus amended, came up before his honor, Judge Aldrich, and a motion was again made to dismiss the complaint, and the judge ruled as follows : "It appearing that the plaintiffs have failed to comply with the order of Judge Witherspoon, and that said complaint does not state facts sufficient to constitute a cause of action, *in that* there is no allegation in the body of said complaint of the copartnership of the defendants [mistake for plaintiffs, surely], *ordered*, that the said complaint be dismissed with costs." Plaintiffs' counsel then asked to be allowed to comply with Judge Witherspoon's order, "if the court holds that they have not complied therewith," which was refused. The plaintiffs appeal to this court upon the grounds : (1) That his honor erred in holding that the plaintiffs had not complied with the order of Judge Witherspoon. (2) In holding that the copartnership of plaintiffs was not sufficiently stated in the body of the complaint. (3) In holding that the complaint "does not state facts sufficient to constitute a cause of action, *in that* there is no allegation in the body of the complaint of the copartnership of the defendants (plaintiffs). (4) In dismissing the complaint as to the defendant, Lucy A. Holleyman, when there was no motion on her behalf to that effect. (5) In refusing the motion of plaintiffs to be allowed to comply with the order of Judge Wither-

spoon, if the court holds that they have not already done so. (6) In overruling plaintiffs' motion to amend the form of the complaint in accordance with his views," etc.

The defendants also gave notice that if the Supreme Court finds itself unable to sustain the judgment below, upon the grounds upon which it was rested by the Circuit Judge, the said defendants will insist that the said judgment should be sustained, upon certain other grounds, which more particularly relate to the merits of the case. It can only be necessary to say in reference to these grounds, that they can not be considered in this case. There has been no trial, but the only question is upon a *demurrer*—whether, admitting to be true the facts as stated, the complaint should be dismissed. The court below very properly made no ruling on the new grounds now stated, and they are, therefore, not before us.

The main objection made by the exceptions of the plaintiffs is, that his honor, Judge Aldrich, erred in holding that the amended complaint was not a compliance with the order of Judge Witherspoon, which gave the plaintiffs leave to amend their complaint, "by alleging the plaintiffs as copartners in the body of the complaint." In *the title*, the name of the firm is given, and the individual members composing it are named. But we suppose that the words, *"in the body of the complaint,"* were intended to exclude all references to the title. If so, there is still in the body of the complaint the following words: "The plaintiffs, M. Millhiser, G. Millhiser, S. Hirsch, and E. Millhiser, copartners in business under the name and style of M. Millhiser & Co., for themselves and such other creditors of William Hyman Gurganus as shall come in, &c., show that W. H. Gurganus, in his lifetime and at his death, was indebted to them, the said M. Millhiser & Co., in the sum," &c. It seems to us that this was precisely what the order of Judge Witherspoon required, viz., "alleging the plaintiffs as partners," not limited to the title, but in the body of the complaint. It is true, that the very word "allege" is not used, but the "statement" that they are partners, is distinctly made. It is not claimed that the defendants were surprised. The objection is purely technical, and the Code does not favor

a technical construction of pleadings. We think that there was a substantial allegation in the body of the complaint of the partnership of the plaintiffs, as well as of their name and style of business, and that it was error to hold that the plaintiffs had not complied with the order of Judge Witherspoon, dated February 11, 1890. See *Harle* v. *Morgan & Co.*, 29 S. C., 258, and the authorities there cited.

The judgment of this court is, that the order dismissing the complaint be reversed, and the case remanded for such further proceedings as may be deemed necessary to carry out the conclusion herein announced.